UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Joseph Henry Shellman, | ) | C/A No. 4:19-226-JFA-TER |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| Acting Warden W. Vereen, | ) | |
| Respondent. | ) | |

The *pro se* petitioner is a federal prisoner formerly housed at the Federal Correctional Institution ("FCI") in Edgefield, South Carolina. He seeks relief pursuant to 28 U.S.C. § 2241, specifically challenging an administrative disciplinary action he received which originated while he was at FCI in Coleman, Florida. The disciplinary hearing was ultimately reheard when petitioner after he was moved to FCI Edgefield and following his appeal through the Administrative Remedy process. Petitioner asserts that the guilty finding was in error and that his due process rights were violated at the rehearing. He seeks to have the Incident Report No. 2965068 expunged and his Good Time Credits ("GTC") restored.

The respondent has filed a motion to dismiss and memorandum in response (ECF Nos. 10,11), arguing that petitioner's case is moot because he has already received the relief he requested. Attached to the motion to dismiss is the Declaration of Amy Williams, a legal assistant for the South Carolina Consolidated Legal Center located at FCI Edgefield. She avers that petitioner's disciplinary action for Incident Report No. 2965068 has been

expunged and the petitioner's GTC has been restored. She notes that on March 19, 2019, the petitioner's Sentence Monitoring Computation Data from SENTRY was updated to reflect the restoration of 27 days GTC.

The Magistrate Judge assigned to this action[1] issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advising the petitioner that the motion to dismiss had been filed, and the potential consequences if the petitioner failed to adequately respond to the motion. The petitioner, however, did not respond to the motion to dismiss.

The Magistrate Judge now has prepared a Report and Recommendation and opines that the § 2241 petition should be dismissed as moot because the disciplinary action in question has been expunged by the Bureau of Prisons and the petitioner's GTC of 27 days have been restored. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on May 31, 2019. On June 10, 2019, the petitioner filed a notice of change of address from Edgefield FCI to the Federal Transfer Center in Oklahoma City, Oklahoma. On June 20, 2019, the Clerk re-mailed the Report to the petitioner at his new address.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

> On July 15, 2019, the petitioner filed a one paragraph letter in response to the Report:
>
> I had a shot that was dismissed for C/A No. 4:19-226-JFA-TER. On 3-19-2019 27 days good time was restored. I started with 250 GCT and I lost 41 GCT for a 112 use of drugs/alcohol. I should have 209 GCT left, but it got me for 204 GCT. I am missing 5 GCT. I'm at Beaumont Low.

(ECF No. 20 at 1).

The petitioner acknowledges that 27 days of GTC was restored. However, he suggests that he is still missing 5 hours of GTC. Those alleged missing 5 hours do not appear to relate to the matter that was raised in the original § 2241 petition and should be addressed with the Bureau of Prisons.

The Magistrate Judge correctly notes that a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *See Powell v. McCormack*, 395 U.S. 486, 89 S.Ct. 1944 (1969); *Friedman's, Inc. v. Dunlap*, 290 F.3d 191 (4th Cir. 2002). Based on the respondent's declaration, the 27 hours of GTC were restored and the disciplinary action (#2965068) was expunged by the respondent. Thus, the petitioner's claims in his original § 2241 petition are now moot.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court accepts the Magistrate Judge's recommendation as proper and

3

incorporates it herein by reference. Accordingly, the respondent's motion to dismiss (ECF No. 10) is granted and the petition is dismissed as moot.

    IT IS SO ORDERED.

                                                                           *Joseph F. Anderson, Jr.*

                                                                   Joseph F. Anderson, Jr.

August 2, 2019                                               United States District Judge
Columbia, South Carolina0